# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

ALEXANDRA AHAB,

   PLAINTIFF,

       v.                                    CASE NO. 25-2143

PM PEDIATRICS OF FLORIDA, LLC,

   DEFENDANT.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ALEXANDRA AHAB ("Ms. Ahab" or "Plaintiff"), by and through her undersigned counsel, and hereby files this Complaint against Defendant, PM PEDIATRICS OF FLORIDA, LLC ("PM Pediatrics" or "Defendant") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in excess of $50,000 exclusive of costs, interest, and attorneys' fees.

2. This action involves claims of whistleblower retaliation against Defendant and is brought by Plaintiff as a former employee under the Florida Private Sector Whistleblower's Act ("FWA"), Fla. Stat. §§ 448.101-105 and 42 U.S. Code § 1981.

3. Plaintiff is a resident of Orange County, Florida and is sui juris.

4. Defendant, PM PEDIATRICS OF FLORIDA, LLC ("PM Pediatrics") is a

Florida Limited Liability Company with its principal place of business in Orange County, Florida

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff brings claims under 42 U.S.C. § 1981, a federal civil rights statute. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a), as those claims arise from a common nucleus of operative facts.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Middle District of Florida, and pursuant to 28 U.S.C. § 1391(b)(1) as Defendant maintains its principal place of business in Orange County, Florida, which is located within this judicial district.

7. All conditions precedent to the filing of this action have been met or waived.

## GENERAL ALLEGATIONS

8. Plaintiff was hired by Night Lite Pediatric Center, LLC as a Receptionist on or about May 9, 2022. On or about July 1, 2024, Night Lite Pediatric Center, LLC was acquired by Defendant. On or about July 1, 2024, the Plaintiff's employer became the Defendant.

9. On or about August 22, 2024, Plaintiff was instructed by Defendant's "Super Trainers" to falsify medical records changing or guessing a patient's race. Plaintiff was instructed by a trainer, Stephanie S., to "judge each patient based off of their appearance" and input what she "sees fit" for the patient's race and ethnicity in the

electronic medical record system, even when the patient had explicitly selected "declined to specify" on their intake forms. To her "super trainer", Plaintiff disclosed her belief that this was "discrimination" and objected to the Defendant's policy of falsifying medical records. Plaintiff was reprimanded for this conduct.

10. On August 28, 2024, Plaintiff submitted a written complaint via email to her superiors, including Rachel Friedman (Chief People Officer) and Tony Onoriode (Regional Operations Director). In this written complaint, Plaintiff disclosed and objected to several activities, policies, and practices of the Defendant that were in actual violation of laws, rules, and regulations.

11. Plaintiff objected to this practice, stating it constituted "falsifying and altering medical records, against HIPAA, and morally unethical."

12. This practice is an actual violation of Fla. Stat. § 395.302, which makes it a second-degree misdemeanor to fraudulently alter or falsify any medical record. It is also a violation of the Health Insurance Portability and Accountability Act (HIPAA), and Section 1557 of the Affordable Care Act (ACA).

13. In the same August 28, 2024, written complaint, Plaintiff also disclosed and objected to the conduct of a Medical Assistant, Oliver Echevarria, who was engaging in the unlicensed practice of medicine.

14. Plaintiff reported that Mr. Echevarria was "impersonating a doctor or nurse to most of the patients by providing them with information not facilitated via the certified doctor or nurse on site" and providing patients with false information regarding billing and self-pay rates.

15. This conduct constitutes an actual violation of Florida law, which strictly prohibits the unlicensed practice of medicine and defines the limited scope of practice for Medical Assistants.

16. Subsequent to her objections and written complaint, Plaintiff was subjected to retaliatory actions, including having her work shifts taken away without notice.

17. After her August 28, 2024, disclosure email, Plaintiff was placed on a Performance Improvement Plan. The Performance Improvement Plan specifically identified Plaintiff's objections and concerns to manipulating or falsifying medical records to modify or change the race or ethnicity of patients in the system without authorization.

18. On October 17, 2024, Plaintiff was terminated from her employment by her manager, Efrain Ayala, and Regional Operations Director, Tony Onoriode.

## COUNT I: VIOLATION OF 42 U.S.C. § 1981

19. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 18, as set forth above.

20. Defendant's patients enter into contracts with Defendant for the provision of medical services. Maintaining accurate medical records is a core component of the services Defendant provides to its patients.

21. As described above, Plaintiff was asked to modify a patient's race or ethnicity based on how the patient looked. Plaintiff understood she would be forced to rely upon racial stereotypes to guess the patient's race or ethnicity.

22. Plaintiff was deeply concerned about this request. For example, Plaintiff is

Egyptian. Because of her complexion, she is frequently misidentified as Hispanic. She would be horrified by a receptionist altering her own medical records without her own permission relying on aesthetic characteristics or racial stereotypes.

23. Plaintiff held a good-faith, reasonable belief that the directive she was given was discriminatory against patients and in violation of 42 U.S.C. § 1981.

24. As described above, Plaintiff opposed this practice of the Defendant and engaged in protected activity.

25. As described above, Plaintiff's hours were reduced and she was terminated as a result of her engagement in protected activity.

26. Defendant, through its employees, supervisors, managers, and agents, was aware of Plaintiff's statutorily protected expressions and activities when it subjected her to adverse employment actions. More specifically, Plaintiff was subjected to this adverse employment action after she engaged in statutorily protected expressions and activities.

27. By terminating Plaintiff's employment, Defendant, by and through its employees, supervisors, managers and agents, subjected Plaintiff to a materially adverse employment action in that such action constituted an ultimate employment decision, altered the terms, conditions and/or privileges of Plaintiff's employment, and adversely affected her status as an employee.

28. Further, this retaliatory act was and is reasonably likely to deter employees from engaging in protected activity. As such, this retaliatory act constitutes an adverse employment action for the purposes of 42 U.S.C. § 1981.

29. Defendant, through its employees, supervisors, managers, and agents, was aware of Plaintiff's statutorily protected expressions and activities when it subjected her to adverse employment actions. More specifically, Plaintiff was subjected to this adverse employment action after she engaged in statutorily protected expressions and activities.

30. In taking this adverse employment action against her, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, and privileges of her employment.

31. Defendant engaged in unlawful employment practice prohibited by 42 U.S.C. § 1981 by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendant.

32. As a direct and proximate result of Plaintiff's complaints and disclosures to Defendant, and its employees, supervisors, managers, and other agents identified hereinabove, Defendant, by and through its employees, supervisors, managers, and agents, took the aforementioned adverse employment actions against Plaintiff.

33. At all times material herein, Defendant's employees, supervisors, managers, and agents acted intentionally and with a reckless disregard of Plaintiff's rights under 42 U.S.C. § 1981.

34. A legitimate, non-discriminatory, or non-retaliatory reason does not exist to justify Defendant's intentional retaliatory treatment of Plaintiff.

35. The retaliatory and discriminatory conduct of Defendant, through its employees, supervisors, managers, and agents, against Plaintiff resulting from her engagement in statutorily protected activity under 42 U.S.C. § 1981 as alleged herein has caused, continues to cause, and will cause Plaintiff to suffer substantial damages.

36. As a direct, proximate and foreseeable result of Defendant's aforementioned retaliatory action and violations of 42 U.S.C. § 1981, Plaintiff has suffered, continues to suffer, and will suffer the following: (a) lost wages and benefits, past and future; (b) lost earning capacity; and (c) noneconomic damages, including, but not limited to, pain and suffering, mental anguish, emotional distress, humiliation, loss of dignity, loss of the capacity for the enjoyment of life, irreparable damages to her family and relationships, and other non-pecuniary losses and intangible injuries.

**WHEREFORE**, the Plaintiff respectfully demands judgment in her favor and against the Defendant for any and all damages available under 42 U.S.C. § 1981, including, but not limited to, the damages set forth above, front pay in lieu of reinstatement, back pay, punitive damages, compensatory damages, prejudgment interest, attorneys' fees, and costs of this action, and such other relief as this Honorable Court deems just and proper.

### COUNT II: VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLEBLOWER'S ACT "FWA"

37. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 18, as set forth above.

38. Section 448.102(3), Florida Statutes, prohibits an employer from taking any retaliatory personnel action against an employee because the employee has disclosed or objected to an activity, policy, or practice of the employer that is in violation of a law, rule, or regulation.

39. On August 28, 2024, Plaintiff engaged in protected activity under the FWA when she disclosed, objected to, and/or refused to participate in Defendant's practices which were in actual violation of, inter alia, Fla. Stat. § 395.302, HIPAA, 18 U.S. Code § 1035, Fla. Stat. §400.1415, 42 U.S.C. § 1981, and statutes prohibiting the unlicensed practice of medicine, Fla. Stat.§ 458.327, Section 1557 of the ACA, Fla. Stat. § 381.026 and Fla. Stat. §456.065.

40. As a direct and proximate result of Plaintiff's protected activities, Defendant took retaliatory personnel action against her as defined by the Act, in that it terminated Plaintiff's employment on October 17, 2024.

41. As a result of this retaliatory action by the Defendant, Plaintiff has suffered damages, including but not limited to lost wages and benefits, and emotional distress.

**WHEREFORE**, Plaintiff requests judgment against Defendant for violation of the Florida Private Sector Whistleblower's Act, Fla. Stat. §§ 448.101-105, including but not limited to:

(a) compensatory damages for lost wages, benefits, and any other applicable remuneration;

(b) other compensatory damages for emotional pain and suffering and damage to her

reputation as permitted by law;

(c) Reinstatement of the employee to the same position held before the retaliatory personnel action, or to an equivalent position, or front pay in lieu thereof;

(d) Plaintiff's attorneys' fees and costs of this action, pursuant to Florida Statutes Section 448.104;

(e) injunctive relief prohibiting any further retaliatory action as provided under Florida Statutes § 448.103(2)(a); and

(f) any other such relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

42. Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: November 10, 2025

By: /s/ *Frank M. Malatesta*
Frank M. Malatesta
Fla. Bar No.: 0097080
MALATESTA LAW OFFICE
871 Venetia Bay Blvd., Suite 235
Venice, FL 34285
Tel: 941-256-3812
Fax: 888-501-3865
frank@malatestalawoffice.com
staff@malatestalawoffice.com
*Attorney for Plaintiff*